RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE   2/7/13
BY     AM

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

AMY KIRKLAND

VERSUS

BIG LOTS STORES, INC.

CIVIL NO: 12-00007

JUDGE DONALD E. WALTER

MAGISTRATE JUDGE KIRK

## MEMORANDUM RULING

Before the Court is Defendant Big Lots Stores, Inc.'s motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. 10]. Plaintiff Amy Kirkland opposes Defendant's motion [Doc. 17]. For the reasons stated herein, Defendant's motion is hereby **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**. The Clerk is directed to close this matter.

### I. BACKGROUND FACTS AND PROCEDURAL POSTURE

Plaintiff started working as a stocker for Defendant at its West Monroe, Louisiana location in September 2008. Plaintiff alleges that while she was working for Defendant, the associate manager, Crystal Prenell, started rumors that Plaintiff was having an affair with assistant manager Rocky Wall. She further alleges that the Ms. Prenell demanded that Plaintiff report to work on a day she had previously requested off, or potentially face termination. Plaintiff reported her problems with Ms. Prenell, but alleges that nothing was done to rectify the situation. Plaintiff resigned from her position with Defendant on June 11, 2009.[1]

---

[1] Plaintiff's complaint only states that she resigned in June 2009. Defendant has provided Plaintiff's file from the Equal Employment Opportunity Commission ("EEOC"), which contains the actual date of resignation. Additionally, the information in Plaintiff's EEOC file is necessary to review Defendant's contention that Plaintiff did not timely file a charge of discrimination. Generally, a court may not consider matters outside the pleadings on a motion to dismiss for failure to state a claim

1

Plaintiff filed two separate charges of discrimination with the EEOC and the Louisiana Commission on Human Rights ("LCHR") relating to events arising out of her employment with Defendant. The first charge, No. 461-2010-01304 ("Charge 1"), alleged retaliation. The second charge, No. 27A-2010-00029 ("Charge 2"), alleged sex discrimination, including harassment and constructive discharge. On June 3, 2010, the EEOC issued a notice of right to sue on Charge 1 only. Thereafter, Plaintiff filed suit in the Western District of Louisiana based on the claims in both charges. Magistrate Judge Kirk issued a report and recommendation that Plaintiff's claims be dismissed with prejudice as untimely. *Kirkland v. Big Lots Stores, Inc.*, No. 10-1392, 2011 WL 4406363 (W.D. La. 8/18/2011). Judge James adopted the report and recommendation with one modification: Plaintiff's sex discrimination claim was to be dismissed *without* prejudice because the LCHR was still in the process of investigating the second charge and no right to sue notice had issued. *Kirkland v. Big Lots Stores, Inc.*, No. 10-1392, 2011 WL 4404147 (W.D. La. 9/21/2011).

On September 15, 2011, the LCHR issued a notice of right to sue related to Charge 2 and the EEOC issued a notice of right to sue on October 4, 2011. [Doc. 10-3 at 13–14]. Plaintiff proceeded to file this lawsuit on January 4, 2012 based on Charge 2, alleging claims of sex discrimination under Title VII, 42 U.S.C. § 2000e, *et seq*, and Louisiana Employment Discrimination Law, La. R.S. 23:301, *et seq*. In her complaint, Plaintiff alleges that "the EEOC received timely charges of sex

---

unless the motion is treated as one for summary judgment. If, however, the defendant attaches documents to a motion to dismiss which are referred to in the complaint and are central to the plaintiff's claim, a court may properly consider the documents on a motion to dismiss. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citing *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004)); *see also Carter v. Target Corp.*, No. 12-1541, 2012 WL 4867719, *2 (W.D. La. Oct. 12, 2012) ("[C]onsideration of EEOC charges does not demand that a motion to dismiss be converted to a motion for summary judgment."). Because the files in Plaintiff's EEOC record are central to her claim, and are specifically referred to in the complaint [*see* Doc. 1, ¶20], the EEOC documents are properly before the Court.

discrimination filed by the Plaintiff" and that she was issued a right to sue letter. [Doc. 1, ¶20].

Specifically, Plaintiff states that she completed a LCHR intake questionnaire related to Charge 2 on February 23, 2010[2] and that her attorney, Tamara Battles, mailed the form on March 2, 2010.[3] [Doc. 17 at 3]. Plaintiff's file from the EEOC contains a letter from Plaintiff's attorney to the LCHR dated March 1, 2010 explaining that Plaintiff's intake questionnaire is enclosed. Although the letter was apparently written on March 1 and mailed the following day, the letter is file stamped as received on May 6, 2010 at 11:59 AM. [Doc. 10-3 at 3]. The LCHR issued a letter to Plaintiff on June 2, 2010 confirming receipt of her complaint. [Doc. 10-3 at 8]. Plaintiff filed a formal charge of discrimination with the LCHR on July 1, 2010. [Doc. 10-3 at 12].

Defendant raises two objections to Plaintiff's claims in the instant motion to dismiss. First, Defendant contends that Plaintiff's federal and state laws are untimely. Second, Defendant argues that, even if Plaintiff's claims are considered timely, Plaintiff fails to plead facts supporting a claim for sex discrimination and constructive discharge under federal and state laws. Because Defendant's first argument has merit, this Court need not address Defendant's second argument.

## II. LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(6) a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." A pleading will survive a Rule

---

[2] A copy of the intake questionnaire actually reveals that Plaintiff completed the form on February 3, 2010. [Doc. 10-3 at 7].

[3] Plaintiff seeks to support her contention that the intake questionnaire was mailed on March 2 with the attorney's log of her work on this case. Defendant raises two objections to the "log." First, Defendant contends that the log is hearsay. Second, Defendant states that the log does not actually prove that the questionnaire was timely submitted. This issue will be discussed more fully below.

3

12(b)(6) motion to dismiss if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept all of the plaintiff's allegations as true. *Twombly*, 550 U.S. at 550. However, the plaintiff's pleading must contain more than a "formulaic recitation of the elements of a cause of action." *Id.* at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

### A. Title VII Claim

A Title VII plaintiff in a deferral state, such as Louisiana,[4] must file a charge of discrimination with the EEOC within 300 days of the allegedly discriminatory conduct. 42 U.S.C. § 2000e-5(e)(1). This filing deadline acts as a statute of limitations which is subject to waiver, estoppel, and equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 391 (1982). Generally, an employer's discriminatory conduct is terminated no later than the date the employment

---

[4] Louisiana is a "deferral" state because employment discrimination is prohibited under Louisiana law and a state agency—the Louisiana Commission on Human Rights—has been established to grant or seek relief for such discriminatory practice. *Givs v. City of Eunice*, 512 F.Supp.2d 522, 535 n.3 (W.D. La. 2007).

4

relationship is severed. *Mayes v. Office Depot, Inc.*, 292 F.Supp.2d 878, 888 (W.D. La. 2003). Accordingly, Plaintiff had at most 300 days from her resignation on June 11, 2010—or until April 7, 2010—to file a charge of discrimination.

Although Title VII requires that a charge of discrimination be filed within the appropriate time period, a later-filed charge of discrimination may relate back to a timely filed intake questionnaire that "informs the EEOC of the identity of the parties and describes the alleged discriminatory conduct in enough detail to enable the EEOC to issue an official notice of charge to the respondent." *Conner v. La. Dept. Of Health & Hosp.*, 247 Fed. Appx. 480, 481 (5th Cir. 2007) (citing *Price v. Sw. Bell Tel. Co.*, 687 F.2d 74, 78 (5th Cir. 1982)). Therefore, assuming without deciding that the intake questionnaire was sufficiently detailed to allow Plaintiff's July 1, 2010 charge of discrimination to relate back, Plaintiff's charge of discrimination was timely filed if the intake questionnaire was filed within 300 days of her resignation.

The parties do not dispute that the EEOC received Plaintiff's intake questionnaire on May 6, 2010, nearly one month after the filing deadline. Rather, Plaintiff advances two arguments supporting the timeliness of her charge of discrimination. First, she states that the intake questionnaire was mailed on March 2, well before the April 7 deadline, and therefore was timely filed. The Fifth Circuit expressly rejected this argument in *Taylor v. General Telephone Company of the Southwest*, 759 F.2d 437, 441–42 (5th Cir. 1985). The *Taylor* Court explained that, "Given that filing for purposes of Title VII may occur even after receipt of the charge, this Court concludes that mailing is not filing for purposes of Title VII." *Id.* at 442 (interpreting 29 C.F.R. § 1601.13(a)). Therefore, assuming that the charge of discrimination relates back to Plaintiff's intake questionnaire, the earliest date that Plaintiff's charge can be deemed "filed" within the bounds of 42 U.S.C. §

5

2000e-5 is the date the EEOC *received* the questionnaire.[5] Because the EEOC received the questionnaire more than 300 days after Plaintiff resigned, her federal claim will be time-barred unless her second argument supporting timeliness has merit.

Plaintiff's second argument in favor of timeliness is that the EEOC conducted an investigation into Plaintiff's allegations and issued a notice of right to sue. Therefore, she reasons, the EEOC must not have considered the filing to be untimely. It appears that Plaintiff's second argument is, in essence, that because the EEOC decided to investigate the complaint, the filing period should be equitably tolled.

"Equitable tolling is to be applied sparingly." *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011). Plaintiff bears the burden of proving that equitable tolling is justified in a given situation. *Id.* The Fifth Circuit has acknowledged at least three bases for equitable tolling: (1) a suit pending between the parties in the wrong forum; (2) when a defendant intentionally conceals from the plaintiff facts giving rise to plaintiff's claim; and (3) the EEOC misleading Plaintiff about the nature of her rights. *Id.* Plaintiff has not proven that equitable tolling is justified in this situation under any of the abovementioned bases for tolling, nor has she made a persuasive case that the EEOC investigating an untimely filed charge supports equitable tolling.

Notably, courts are "reluctant to apply equitable tolling to situations of attorney error or neglect, because parties are bound by the acts of their lawyer." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)). In this case, attorney error appears to be the predominant cause for the untimely nature of Plaintiff's charge of discrimination. Plaintiff's intake questionnaire was signed

---

[5] Because the date that Plaintiff's counsel mailed the intake questionnaire is irrelevant to the determination of whether the charge of discrimination was timely filed, the Court need not address Defendant's argument that the "log" attached to Plaintiff's brief in opposition should be excluded.

6

and dated on February 3, 2010. [Doc. 10-3 at 7]. Her attorney waited nearly a month to attach a cover letter to the questionnaire and mail the packet to the LCHR. Counsel presumably did not send the packet via certified mail or through a commercial carrier given that Plaintiff has not come forward with proof of mailing other than her "log." Finally, it appears that counsel completely disregarded the EEOC's disclaimer located directly below the signature line on the questionnaire, which states: "If you have not heard from an EEOC office within 30 days of mailing this form, please call the number shown on top of this form." [Doc. 10-3 at 7].

Because Plaintiff failed to timely file a charge of discrimination within 300 days from the allegedly discriminatory conduct and has failed to persuade the Court that the limitations period should be equitably tolled, her Title VII claim is time barred.

### B. *Louisiana Employment Discrimination Claim*

Defendant contends that Plaintiff's sex discrimination claim under the Louisiana Employment Discrimination Law is also time barred. Sex discrimination claims under Louisiana law are not subject to the same filing requirements as a Title VII claim. Rather, the prescriptive period for a Louisiana claim is detailed in Title 23 of the Louisiana Revised Statutes, section 303(D):

> Any cause of action provided in this Chapter shall be subject to a prescriptive period of one year. However, this one-year period shall be suspended during the pendency of any administrative review or investigation of the claim conducted by the federal Equal Employment Opportunity Commission or the Louisiana Commission on Human Rights. No suspension authorized pursuant to this Subsection of this one-year prescriptive period shall last longer than six months.

Under Louisiana law, a suspended time period begins to run again when the period of suspension is terminated. La. Civ. Code art. 3472. Therefore, the longest a Plaintiff could potentially wait to file her sex discrimination suit under Louisiana law is 18 months (the 1-year prescriptive period plus

7

a maximum of 6 months suspension). Plaintiff resigned on June 11, 2009. Accordingly, the absolute latest she could have timely filed her lawsuit is December 11, 2010. Because Plaintiff waited until January 4, 2011 to file suit, her Louisiana sex discrimination claim has prescribed.

## III. CONCLUSION

The Court finds that Plaintiff's claims under Title VII and the Louisiana Employment Discrimination Law are untimely. Accordingly, Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is hereby **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE** and the Clerk is directed to close this matter.

**THUS DONE AND SIGNED**, Shreveport, Louisiana, this the 7 day of February, 2013.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE